IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLACKBEAR ENERGY SERVICES, INC.** | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| vs. | : | Civil Action No. _____ |
| | : | |
| **YOUNGSTOWN PIPE & STEEL, LLC** **d/b/a DNV Energy, LLC** | : | Electronically Filed |
| Defendant | : | |

## CIVIL COMPLAINT

AND NOW, this 13th day of January, 2015, comes the Plaintiff, Black Bear Energy Services, Inc., by and through, Steptoe & Johnson PLLC, its counsel of record in this matter, and files this Complaint against Defendant Youngstown Pipe & Steel, LLC d/b/a DNV Energy, LLC.

## PARTIES

1. Plaintiff, Black Bear Energy Services, Inc. ("Black Bear") is a Pennsylvania corporation with a principal place of business at 600 Cardox Road, Finleyville, Pennsylvania 15332. Black Bear provides services to the oil and gas industry including construction of midstream facilities such as compressor stations and gas line hookups.

2. It is believed and therefore averred that Defendant, Youngstown Pipe & Steel, LLC d/b/a DNV Energy, LLC ("DNV"), is an Ohio limited liability company with a principal place of business at 45 S Montgomery Avenue, Youngstown, Ohio  44506.

- 2 -

## JURISDICTION, VENUE AND JURY DEMAND

3. This Court has subject matter jurisdiction over the above captioned matter pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different states.

4. Venue is appropriate in this Court under 28 U.S.C. § 1391(a).

5. A jury trial is hereby demanded.

## FACTS

6. Black Bear ordered certain goods from DNV in connection with construction of natural gas compressor stations for MarkWest Energy Partners L.P. ("MarkWest").

7. Black Bear issued two purchase orders dated October 13, 2014 for such equipment.

8. Specifically, by Purchase Order Nos. 775584 and 775585, Black Bear ordered several skids from DNV and accompanying skid pipings/fittings (the "Skids") for the price of $166,900.00 and $413,505.00 respectively (collectively, the "Purchase Orders," Exhibits A and B hereto respectively).

9. The Purchase Orders called for complete fabrication and assembly of the Skids pursuant to identified assembly drawings.

10. Moreover, it was understood that the Skids would be fabricated to meet a specific standard employed by the project owner: MarkWest.

11. In December and January of 2014 and 2015, DNV delivered the Skids to Black Bear.

- 3 -

12. On January 5, 2015 DNV invoiced Black Bear.  (See Exhibits C and D hereto)

13. The Skids as delivered did not conform to the requirements of the Purchase Orders.

14. The nonconformities included but are not limited to the following:

    a. the Skids were not fabricated, as required, by MarkWest certified welders;

    b. the Skids were not weld pursuant to MarkWest standards;

    c. the Skids failed to pass visual welding inspection and were poorly welded;

    d. Angle iron welded to pipe wall and fittings;

    e. Excessive penetration (push-through);

    f. Unconsumed mig filler wire (whiskers);

    g. Excessively rough surface on root pass;

    h. Unconsumed bevel edge at root;

    i. Temporary attachment weld bead remnant and grinding on flange surfaces; and

    j. Missing pipe / incomplete skid.

15. Because time was of the essence and in order to perform the job for MarkWest, Black Bear accepted the Skids from DNV and started to make necessary repairs to the Skids.

16. By letter dated January 12, 2015, Black Bear provided timely notice to DNV that the Skids delivered did not conform to the Purchase Orders and that DNV was in breach of contract. (See Exhibit E hereto)

17. At significant expense, Black Bear started correcting the problems with the Skids.

18. This included significant expenditures of time, money and manpower.

19. Correction of the defects in the nonconforming goods provided by DNV caused Black Bear to incur, and/or will cause Black Bear to incur, substantial damages including but not limited to the cost of delay and claims of third parties.

### COUNT I – BREACH OF WARRANTY PURSUANT TO UCC SECTIONS 2-313, 2-314, 2-315, 2-714 AND 2-715

20. Plaintiff incorporates the above paragraphs as if set forth herein verbatim.

21. DNV breached the express and implied warranties that the Skids were manufactured according to MarkWest specifications, are fit for the ordinary purpose for which they are used, and are fit for the particular purpose for which they were intended.

22. DNV's breach of warranty was the proximate cause of Black Bear's injuries as alleged herein.

**WHEREFORE,** the Plaintiff, Black Bear Energy Services, Inc. prays that the Court enter an Order against Defendant Youngstown Pipe & Steel, LLC d/b/a DNV Energy, LLC granting the following relief:


- 5 -

a. the difference between the value of the Skids accepted and the value they would have had if they had been as warranted;

b. expectation damages;

c. lost profits;

d. incidental damages;

e. consequential damages;

f. attorney fees; and

g. such other relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

23. Plaintiff incorporates the above paragraphs as if set forth herein verbatim.

24. DNV breached the contract between DNV and Black Bear by delivering Skids which failed to conform to Black Bear's Purchase Orders.

25. By reason of DNV's breach of contract, Black Bear is entitled to recover damages in an amount to be proved at trial, but at least $75,000.00.

26. In addition, or in the alternative, Black Bear is entitled to set off the cost of the Skids against all damages to which it is entitled due to DNV's breach of contract.

**WHEREFORE,** the Plaintiff, Black Bear Energy Services, Inc. prays that the Court enter an Order against Defendant Youngstown Pipe & Steel, LLC d/b/a DNV Energy, LLC, as follows:

a. the difference between the value of the Skids accepted and the value they would have had if they had been as promised;

b. expectation damages;

c. lost profits;

d. incidental damages;

e. consequential damages;

f. attorney fees; and

g. such other relief as this Court deems just and proper.

                                         **STEPTOE & JOHNSON PLLC**

By: /s/ Brian J. Pulito
     Brian J. Pulito, Esq. (PA I.D. No. 203952)
     Adam S. Ennis, Esq. (PA I.D. No. 71999)
     201 Chestnut Street, Suite 200
     Meadville, PA  16335
     (814) 333-4900
     Attorneys for Plaintiff Black Bear Energy Services, Inc.