IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACK BEAR ENERGY SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:15-cv-00050-JFC |
| v. ) | |
| ) | Honorable Chief Judge Joy Flowers Conti |
| YOUNGSTOWN PIPE & STEEL, LLC d/b/a ) | |
| DNV Energy, LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**

Defendant Youngstown Pipe & Steel, LLC d/b/a DNV Energy, LLC, by its attorneys, Metz Lewis Brodman Must O'Keefe LLC, files this Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Complaint.

**ANSWER TO PLAINTIFF'S COMPLAINT**

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

4. Admitted.

5. This paragraph contains no factual averments and therefore requires no response.

6. Admitted.

7. Admitted.

8. Denied.

9. Admitted.

10. Denied.

11. Denied.

12. Denied. The invoices are dated December 31, 2014 and January 6, 2015, respectively.

13. Denied.

14. Denied, subparagraphs a. through j. inclusive.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

### COUNT I—BREACH OF WARRANTY

20. Paragraph 20 is an incorporation paragraph to which no response is required.

21. Denied.

22. Denied.

WHEREFORE, Defendant Youngstown Pipe & Steel, LLC d/b/a DNV Energy, LLC demands judgment in its favor and against Plaintiff Black Bear Energy Services, Inc.

### COUNT II—BREACH OF CONTRACT

23. Paragraph 23 is an incorporation paragraph to which no response is required.

24. Denied.

25. Denied.

26. Denied.

WHEREFORE, Defendant Youngstown Pipe & Steel, LLC d/b/a DNV Energy, LLC demands judgment in its favor and against Plaintiff Black Bear Energy Services, Inc.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. At all times relevant hereto Defendant performed in accordance with its obligations under the parties' contract.

3. Plaintiff's claims are barred in whole or in part by its spoliation and destruction of evidence, namely the skids that are the subject of this action.

4. Plaintiff's claims are barred in whole or in part by its own material breach(es) of the parties' contract.

5. Plaintiff's claims are barred in whole or in part by its failure to mitigate damages.

6. Plaintiff's claims are barred in whole or in part by operation of setoff.

WHEREFORE, Defendant Youngstown Pipe & Steel, LLC d/b/a DNV Energy, LLC demands judgment in its favor and against Plaintiff Black Bear Energy Services, Inc.

## COUNTERCLAIM

### COUNT I—BREACH OF CONTRACT

1. In September 2014, Defendant/Counterclaim Plaintiff Youngstown Pipe & Steel, LLC ("YPS") d/b/a DNV Energy, LLC ("DNV") issued three quotes to Plaintiff/Counterclaim Defendant Black Bear Energy Services, Inc. ("Black Bear") for the production of skids and skid access platforms.

2. In October 2014, Black Bear issued three purchase orders that corresponded to the skids and skid access platforms set forth in YPS/DNV's quotes.

3. YPS, through its DNV division, thereafter fabricated the skid access platforms and skids in accordance with the applicable specifications and procedures.

4. In December 2014 and January 2015, YPS, through its DNV division, delivered the skid access platforms and skids, and it invoiced Black Bear for the skids and skid access platforms in accordance with the terms of the parties' contract.

5. Black Bear accepted the skid access platforms and skids.

6. However, Black Bear has failed and refused to pay YPS/DNV in full for the skid access platforms and skids.

7. Black Bear's failure and refusal to pay YPS/DNV in full for the skid access platforms and skids constitutes a material breach of the parties' agreement.

8. As a direct and proximate result of that material breach, YPS/DNV has suffered damages in an amount in excess of $75,000.00, exclusive of interest and costs.

WHEREFORE, Defendant/Counterclaim Plaintiff Youngstown Pipe & Steel, LLC d/b/a DNV Energy, LLC respectfully requests that judgment be entered in its favor and against Plaintiff/Counterclaim Defendant Black Bear Energy Services, Inc. in an amount in excess of $75,000.00, exclusive of interest and costs, to be determined at trial.

**A jury trial is hereby demanded on all claims so triable.**

                                  Respectfully submitted,

                                  METZ LEWIS BRODMAN MUST O'KEEFE LLC

Date:  February 25, 2015    By:   /s/ Justin T. Barron
                                                  John R. O'Keefe, Jr.
                                                  PA I.D. No. 36633
                                                  jokeefe@metzlewis.com
                                                  Justin T. Barron
                                                  PA I.D. No. 200394
                                                  jbarron@metzlewis.com
                                                  535 Smithfield Street, Suite 800
                                                  Pittsburgh, PA 15222
                                                  (412) 918-1100

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed this 25th day of February, 2015, using the Court's CM/ECF filing system, which will deliver notice of this filing to the following counsel of record:

Brian J. Pulito, Esquire
Adam S. Ennis, Esquire
Steptoe & Johnson PLLC
201 Chestnut Street, Suite 200
Meadville, PA 16335


/s/ Justin T. Barron
Justin T. Barron