# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACK BEAR ENERGY SERVICES, INC. | ) ) ) ) Civil Action No. 15-50 ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| YOUNGSTOWN PIPE & STEEL, LLC d/b/a DNV ENERGY, LLC | ) ) ) |
| Defendant and Counterclaimant. | ) ) |

## MEMORANDUM OPINION

**CONTI, Chief District Judge.**

Pending before the court is a motion to reinstate complaint filed by plaintiff Black Bear Energy Services, Inc. ("plaintiff" or "Black Bear"), on April 20, 2017 (ECF No. 88). On May 19, 2017, defendant Youngstown Pipe & Steel, LLC ("defendant" or "YPS") filed a response to plaintiff's motion (ECF No. 93). The court will deny plaintiff's motion to reinstate the complaint, because plaintiff does not cite to a specific rule to support its motion for reinstatement, and the reasoning plaintiff provides in support of its motion does not meet the standards for Federal Rule of Civil Procedure 60(b), 59(e), or 54(b) or for the use of this court's inherent power.

**I.       Background**

Plaintiff, a Pennsylvania corporation, brought suit on January 13, 2015 against defendant, an Ohio limited liability company. (ECF No. 1.)  Plaintiff's complaint alleges that it ordered

1

certain skid pipings from defendant (ECF No. 1 ¶ 8), which did not conform to the specifications agreed upon by the parties. (ECF No. 1 ¶ 13.) Black Bear brought two counts in its complaint, one count seeking remedy for breach of warranty pursuant to the Uniform Commercial Code ("UCC") and the second count for breach of contract. (ECF No. 1.)

Due to an economic downturn in plaintiff's industry and financial loss, Black Bear was unable to pay its counsel to continue prosecuting its claims against YPS. (ECF No. 88 ¶ 2.) At a status conference on June 29, 2016, plaintiff's then-counsel represented to this court that plaintiff had ceased doing business, surrendered its assets to its lender, and hired counsel to discuss the possibility of filing for bankruptcy. (Minute Entry, 6/29/2016.) Plaintiff's then-counsel also stated that he would likely be filing a motion to withdraw shortly thereafter. Approximately three months later, on September 19, 2016, counsel submitted a motion to withdraw as attorney for Black Bear. (ECF No. 56.) On September 30, 2016, this court granted the motion to withdraw. (ECF No. 59.)

Following the withdrawal of its counsel, this court ordered plaintiff to have new counsel enter an appearance or show cause on or before November 2, 2016, as to why its claims should not be dismissed for failure to prosecute.[1] (ECF No. 61.) Plaintiff failed to respond to this order. On November 22, 2016, defendant filed a motion to dismiss for lack of prosecution. (ECF No. 68.) The court granted defendant's motion and dismissed plaintiff's claims without prejudice on November 28, 2016. (ECF No. 71.) The denial was not on the merits of the claims plaintiff wants to reinstate, and plaintiff may file another suit to pursue those claims.

On April 20, 2017, nearly five months after this court dismissed plaintiff's claims, plaintiff filed a motion to reinstate its complaint. (ECF No. 88.) Plaintiff claims that

---

[1] Plaintiff is a corporation, and, therefore, could not proceed in this matter without counsel. *See* Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966).

reinstatement will cause no delay in litigating the matter, because YPS already answered the complaint and recently joined additional defendants to the suit keeping "this matter open." (ECF No. 88 ¶ 10.) Defendant argues that the motion should be denied because plaintiff failed to comply with the rules of this court and because plaintiff failed to meet the standards for a motion to reconsider. (ECF No. 94.) Having been fully briefed, this matter is now ripe for disposition.

II.     Discussion

In its motion to reinstate the complaint, plaintiff cites no procedural rule under which this court should consider its motion. As a preliminary matter, the court must determine whether a procedural rule governs defendant's motion.[2] "[T]he function of the motion, and not the caption, dictates which Rule is applicable." United States v. Fiorelli, 337 F.3d 282, 287–88 (3d Cir. 2003). Courts considering similar motions have applied Federal Rule of Civil Procedure 60(b), 59(e), or 54(b), or considered the use of the court's inherent power. While a motion for reconsideration may be analyzed under any of these rules, each "has a particular purpose."[3] Id.

---

[2] The Court of Appeals for the Eighth Circuit has warned of the risks of ambiguous motions which do not explicitly invoke a particular Federal Rule of Civil Procedure:

> This case illustrates the dangers of filing a self-styled "motion for reconsideration" that is not described by any particular rule of federal civil procedure. Federal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). The two rules serve different purposes and produce different consequences, both substantive and procedural. When the moving party fails to specify the rule under which it makes a postjudgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess, subject to the hazards of the unsuccessful moving party losing the opportunity to present the merits underlying the motion to an appellate court because of delay.

Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988) (citations omitted).
[3] The Court of Appeals for the Third Circuit has explained:

> Rule 60(b) provides six bases for reconsideration, including "mistake, inadvertence, surprise, or excusable neglect" . . . In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and used to allege legal error. *Smith,* 853 F.2d at 158–59 (citation omitted); *see also Ortho Pharm. Corp. v. Amgen, Inc.,* 887 F.2d 460, 463 (3d Cir.1989) . . . [A] Rule 60(b) motion

3

at 288. The court will examine each of these rules, as well as the use of the court's inherent power, to determine which, if any, are applicable in this instance.

### A. Federal Rule of Civil Procedure 60(b)

The court first considers whether plaintiff's motion to reinstate the complaint should be construed under Federal Rule of Civil Procedure 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances…." Atkinson v. Middlesex Cnty., 610 F. App'x 109, 112 (3d Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)).[4] Critically, Rule 60(b) " 'applies only to 'final' judgments and orders.' " Penn W. Assocs., Inc. v. Cohen, 371 F.3d 118, 125 (3d Cir. 2004) (quoting Torres v. Chater, 125 F.3d 166, 168 (3d Cir. 1997)).

Here, plaintiff's complaint was dismissed without prejudice on November 28, 2016. (ECF No. 71.) "Ordinarily, an order dismissing a complaint without prejudice is not a final order

---

"may not be used as a substitute for an appeal, and that legal error, without more" does not warrant relief under that provision . . . *Smith,* 853 F.2d at 158.

Id. at 288.

[4] In accordance with the language of Federal Rule of Civil Procedure 60(b), the six bases for reconsideration are:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Not included within the limited scope of Rule 60(b) is the use of the rule "as a substitute for, or alternative to, appeal." Hess v. Kunkle, 142 F. App'x 578, 580 (3d Cir. 2005) (citing Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th Cir.1987)).

unless the applicable statute of limitations would not permit the re-filing of the claims." Core Commc'ns, Inc. v. Verizon Pa., Inc., 493 F.3d 333, 337 (3d Cir. 2007). The Third Circuit Court of Appeals recently explained:

> While "an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint," . . . "[t]his principle . . . does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice" . . . After the statute of limitations has run, an unconditional dismissal without prejudice is considered final.

Atkinson, 610 F. App'x at 111 (citations omitted).

The operative court order, issued on November 28, 2016, dismissed plaintiff's complaint without prejudice. (ECF No. 71.) In order to determine whether that order constitutes a final order subject to Rule 60(b), the court must determine whether the statute of limitations on plaintiff's claims had run as of that date. *See* Atkinson, 610 F. App'x at 112 ("[W]e must determine if the statute of limitations on Atkinson's claims had expired as of May 31, 2011, the date of the Dismissal Order."). As of the date of this opinion the statute of limitations has not run – i.e., December 2014 to June 2017 is less than four years.

Here, the order dismissing plaintiff's complaint served to dismiss Black Bear's entire complaint against YPS. The complaint alleged a claim for breach of warranty pursuant to the Uniform Commercial Code ("UCC"), as well as a state law breach of contract claim. The statute of limitations for bringing a breach of warranty claim under the UCC, as adopted in Pennsylvania and Ohio, is four years. 13 Pa. Cons. Stat. § 2725; Ohio Rev. Code § 1302.98; *see* U.C.C. § 2-725 (Am. Law Inst. & Unif. Law Comm'n 1977). The statute of limitations for a breach of contract claim relating to contracts for sale under either Pennsylvania or Ohio law is

5

also four years.[5] 42 Pa. Cons. Stat. § 5525; Ohio Rev. Code § 1302.98. Under all operative statutes, then, the statute of limitations for plaintiff's claims is four years.

Plaintiff's allegations concern conduct that occurred from in and around December 2014 to in and around January 2015. (ECF No. 1 ¶ 11.) As noted above, the court dismissed this action without prejudice on November 28, 2016. (ECF No. 71.) Less than two years passed between the time at which the alleged conduct took place and this court's order dismissing Black Bear's claims. Because the court's order was issued well before the expiration of the statutory period of four years, the court's order of dismissal without prejudice was not a "final order" for purposes of Rule 60(b). *See* Atkinson, 610 F. App'x at 111; Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005) ("[A]n order dismissing a complaint without prejudice is not a final and appealable order . . . [unless] the statute of limitations has run by the time the court orders dismissal without prejudice."); Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) ("[A]n order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint."). Relief pursuant to Rule 60(b) is, therefore, unavailable in this matter, because the court's order dismissing plaintiff's complaint without prejudice was not a final order, as required under Rule 60(b). *See* Penn West, 371 F.3d at 125 (holding that "relief is unavailable under Rule 60(b)" in the absence of a final order).

### B. Federal Rule of Civil Procedure 59(e)

---

[5] The parties provided the court with deficient briefing with respect to the place where the claim accrued. *See* GE Med. Sys. v. Silverman, No. CIV. A. 96-4596, 1998 WL 54361, at *2 (E.D. Pa. Feb. 2, 1998) (quoting 42 Pa. Cons. Stat. § 5521) ("The choice-of-law rule in Pennsylvania governing limitation periods is statutory and provides that '[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars that claim.' "). The court, therefore, cannot presently determine whether Pennsylvania or Ohio law should be applied for the purpose of establishing the appropriate statute of limitations for the breach of contract claim; however, because both states have a four-year statute of limitations for breach of contract claims, as a practical matter whether the court's dismissal of plaintiff's complaint is final for the purpose of Rule 60(b) is the same under either state's statute of limitations. Given that the court's Rule 60(b) analysis will be the same no matter which state's statute of limitations period is applied, the court need not make a choice-of-law determination at this time.

Because the court's order to dismiss did not constitute a final order, the court finds that plaintiff's motion for reinstatement of the complaint is properly treated as a motion for reconsideration. U.S. ex rel. Streck v. Allergan, Inc., 288 F.R.D. 88, 91 (E.D. Pa. 2012). A motion for reconsideration, or a motion to alter or amend a judgment under Rule 59(e), is a "device to relitigate the original issue" decided by the district court and to allege legal error. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). Courts have construed motions similar to Black Bear's as Rule 59(e) motions "where [a] Plaintiff's motion for reconsideration of the dismissal Order alleges no more than legal error." Ali-X v. Power, Civ. Action No. 10-2990, 2014 WL 2435619, at *2 (D.N.J. May 29, 2014).

A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This court's order granting defendant's motion to dismiss was entered on November 28, 2016. (ECF No. 71.) Black Bear's motion to reinstate the dismissed complaint was not filed until April 20, 2017, nearly five months after this court granted the motion to dismiss. (ECF No. 88.) Thus, plaintiff fails to satisfy the timing element of Rule 59(e) and accordingly, relief is not available to plaintiff under a Rule 59(e) motion.[6]

Even if the court were to analyze plaintiff's motion to reinstate the complaint under the standard for Rule 59(e) motions for reconsideration, plaintiff's motion must nonetheless be denied. The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." Bootay v. KBR, Inc., 437 F.App'x 140, 146-47 (3d Cir. 2011) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). In order to be

---

[6] Plaintiff's claim was dismissed because plaintiff, a corporation, was not represented by counsel and a corporation may not appear pro se in federal litigation. See Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966). Even were plaintiff permitted to proceed without counsel, no special consideration is to be given to a party that attempts to navigate the complexities of the litigation process without designated counsel. McNeil v. United States, 508 U.S. 106, 113 (1993) (stating that the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). "[E]xperience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980).

7

successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003). A motion for reconsideration is "appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled." Ray v. Ganoe, Civ. Action No. 15-343, 2015 WL 8680582, at *5 (M.D. Pa. Nov. 10, 2015), report and recommendation adopted, Civ. Action No. 15-343, 2015 WL 8536881 (M.D. Pa. Dec. 11, 2015). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted. *See* Rottmund v. Cont'l Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992); Teri Woods Pub., L.L.C. v. Williams, Civ. Action No. 12-04854, 2013 WL 6388560, at *1 (E.D. Pa. Dec. 6, 2013) (asserting that "[d]ue to the strong interest by the judiciary in the finality of its decisions, the reconsideration of a court's judgment is an extraordinary remedy, and therefore, should be granted sparingly.").[7]

There are three circumstances under which a court may grant a motion for reconsideration: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); Allah v. Ricci, 532 F.App'x 48, 51 (3d Cir. 2013) (citing Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir.

---

[7] A motion for reconsideration is not to be used to relitigate or "rehash" issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991). A motion for reconsideration is not to be used as a way to advance additional arguments that the litigant could have made, but chose not to make, sooner, or as an opportunity for a litigant, having lost, to change theories of the case and advance new, often contradictory, evidence in support. Bell v. City of Phila., 275 F.App'x 157, 160 (3d Cir. 2008); Spence v. City of Phila., 147 F.App'x 289, 291-92 (3d Cir. 2005); Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); Trenton v. Scott Paper Co., 832 F.2d 806, 810 (3d Cir. 1987); Miller v. Court of Common Pleas of Erie Cnty., Civ. Action No. 12-206, 2014 WL 108585, at *2 (W.D. Pa. 2014). Motions for reconsideration are not designed to provide litigants with a "second bite at the apple." Bhatnagar, 52 F.3d at 1231.

2010)); Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Plaintiff does not meet any of the three grounds for granting a motion for reconsideration. In support of its motion to reinstate the complaint, Black Bear cites "economic downturn in the oil and gas market" and that it "became unable to pay for the legal representation necessary to continue prosecuting its claims." (ECF No. 88 ¶ 2.) These reasons are the only explanation plaintiff offers for its failure to prosecute its claims against YPS. This justification does not meet the standards for a motion to reconsider, as laid out by the Third Circuit Court of Appeals.

To begin, plaintiff fails to satisfy the first standard: that there has been an intervening change in applicable law. Allah, 532 F.App'x at 51. Plaintiff did not cite, and the court is not aware of, any intervening change in the controlling law.

Plaintiff also fails on the second standard. Plaintiff did not make the court aware of the availability of any new evidence that would be relevant to the court's prior decision to dismiss plaintiff's complaint for lack of prosecution. The only information presented in plaintiff's motion are Black Bear's alleged economic hardship and inability to pay its former counsel. (ECF No. 88 ¶ 2.) This information is not new to the court; in fact, Black Bear's economic hardships served as the basis for the motion to withdraw filed by plaintiff's original counsel, which this court granted on September 30, 2016. (ECF No. 59.) Plaintiff's allegations of financial difficulty, therefore, cannot be viewed as "new evidence" for purposes of a motion to reconsider, because Black Bear's economic troubles were known when plaintiff's complaint was dismissed on November 28, 2016. Plaintiff fails to "present [the court] with any competent proof of material new facts which we must consider." Ray v. Ganoe, Civ. Action No. 15-343, 2015 WL

8680582, at *5 (M.D. Pa. Nov. 10, 2015), report and recommendation adopted, Civ. Action No. 15-343, 2015 WL 8536881 (M.D. Pa. Dec. 11, 2015).

Plaintiff's motion likewise fails under the third standard for a motion to reconsider. Plaintiff failed to establish a need to correct a clear error of law or fact or to prevent manifest injustice. According to the Third Circuit Court of Appeals, "clear error [exists] if 'after reviewing the evidence, [the court is] left with a definite and firm conviction that a mistake has been committed.' " Norristown Area Sch. Dist. v. F.C., 636 F. App'x 857, 861 n. 8 (3d Cir. 2016) (quoting Oberti v. Bd. of Educ., 995 F.2d 1204, 1220 (3d Cir. 1993)). Here, plaintiff does not allege any error of law or fact by this court in dismissing its claims for failure to prosecute. By its own admission, Black Bear acknowledges that this court's decision to dismiss plaintiff's complaint for failure to prosecute was a direct result of Black Bear's own inaction. (ECF No. 88 ¶ 7.)

Plaintiff fails to show that reconsideration would prevent manifest injustice. Manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." Rose v. Alternative Ins. Works, LLC, Civ. Action No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007). Manifest injustice has also been held to occur where there is " 'an error in the trial court that is direct, obvious, and observable.' " Greene v. Virgin Islands Water & Power Auth., Civ. Action No. 06-11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting Tenn. Prot. & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir.2004).[8]

---

[8] The Court of Appeals for the Third Circuit has not addressed a definitive standard for "manifest injustice." *See* Conway v. A.I. Dupont Hosp. for Children, Civ. Action No. 04–4862, 2009 WL 1492178, at *6 (E.D.Pa. May 26, 2009) (stating that there is "a dearth of case law within the Third Circuit" defining the term). But while "[t]here is no judicial consensus regarding the meaning of the term 'manifestly unjust' as it pertains to a Rule 59(e) motion . . . several courts have applied the Black's Law Dictionary definition, which states that 'manifest injustice' is an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." Von Kahle v. Roemmele (In re Roemmele), 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012) (citations omitted).

Manifest injustice is a high burden for any party to meet. Conway v. A.I. duPont Hosp. for Children, Civ. Action No. 04-4862, 2009 WL 1492178, at *6 (E.D. Pa. May 26, 2009) (quoting Curry v. Eaton Corp., Civ. Action No. 07–5, 2008 U.S. Dist. LEXIS 48551, at *43 (W.D. Ky. June 24, 2008)) (purporting that manifest injustice "implies that the Court must be faced with a [record] so patently unfair and tainted that the error is manifestly clear to all who view the record"); Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 31 (2007) (quoting Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006)) ("[w]here reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable' "). In applying such a demanding standard, courts have consistently used a scrutinizing hand.[9]

In Ray v. Ganoe, Civ. Action No. 15-343, 2015 WL 8680582, at *5 (M.D. Pa. Nov. 10, 2015), report and recommendation adopted, Civ. Action No. 15-343, 2015 WL 8536881 (M.D. Pa. Dec. 11, 2015), the court dismissed the plaintiff's complaint due to the plaintiff's failure to abide by filing deadlines despite explicit warning. The court denied the plaintiff's motion to reconsider, despite plaintiff's declaration that he was ready to fulfill his litigation obligations. Id. The court found that plaintiff failed to meet his burden in establishing a "threshold showing necessary to gain rec0nsiedration [sic]" because plaintiff did "not [meet] his burden of showing that the prior ruling, which rested in part upon [plaintiff's] own choices ignoring filing deadlines, resulted in a clear error of law or fact or a manifest injustice." Id.

---

[9] *See* Ali-X v. Power, Civ. Action No. 10-2990, 2014 WL 2435619, at *2 (D.N.J. May 29, 2014) (finding that the plaintiff failed to show that reconsideration was necessary to prevent manifest injustice, despite the United States Marshal's failure to effect service on all defendants as ordered by the Court); Salten v. Cty. of Suffolk, Civ. Action No. 08-5294, 2012 WL 3260266, at *1 (E.D.N.Y. Aug. 6, 2012) (determining that the plaintiff's incarceration and lack of notice with respect to litigation conferences as reasons for his failure to prosecute constituted insufficient justification for granting reconsideration in order to prevent manifest injustice); Devers v. N.Y. State Dep't of Corr Serv's, Civ. Action No. 05-900F, 2011 WL 4829425, at *3 (W.D.N.Y. Oct. 12, 2011) (holding that the plaintiff failed to illustrate a need to prevent manifest injustice by raising only his deteriorating medical condition and denied requests for appointment of counsel).

11

Here, the only "showing" Black Bear makes in its motion to reinstate the complaint is that it previously suffered financial hardship, but is now able to retain counsel to prosecute its claims. (ECF No. 88 ¶ 2, 9.) Nowhere in its motion does plaintiff allege that the court overlooked any dispositive factual or legal matter presented to it, and plaintiff does not point to a "direct, obvious, and observable" error. In re Rose, 2007 WL 2533894, at *7; Greene, WL 4755061 at *2. Like the plaintiff in Ray, Black Bear "neglected to litigate the claims which [it] had brought," despite this court's order that Black Bear fulfill its obligations with respect to the litigation it initiated.[10] WL 8680582 at *1. Now that plaintiff has hired new legal counsel to pursue its claims, plaintiff seeks to relitigate issues it was previously provided a full and fair opportunity to pursue, "something [plaintiff] is not permitted to do." Id. at *5. Plaintiff concedes that this case was dismissed due to its own inaction, specifically plaintiff's failure to have new counsel enter an appearance after its original attorney withdrew as counsel. (ECF No. 88 ¶ 7.) Black Bear's decision to now remedy its own neglect does not justify reconsideration under Rule 59(e) on the basis of preventing manifest injustice.

In fact, rather than producing injustice, preserving the original dismissal supports the fairness of finality and protects defendant from "prejudice . . . because of . . . substantial delays [plaintiff] brought in litigating the case." Dively v. Seven Springs Farm, Inc., Civ. Action No. 10-126, 2012 WL 5818319, at *3 (W.D. Pa. Nov. 15, 2012) (denying plaintiff's motion to reinstate its complaint under Rule 60(b), because, in part, "[t]he underlying inability to move litigation forward rests squarely on the shoulders of Plaintiffs' counsel, and is imputed to the Plaintiffs," who did not meet this burden). Allowing plaintiff to reinstate its claims does not

---

[10] On October 5, 2016, this court ordered plaintiff to enter an appearance on or before November 2, 2016 or show cause by that date as to why its claims should not be dismissed for failure to prosecute. Under that same order, "failure to file a response showing cause on or before November 2, 2016, will be construed by the Court as plaintiff's consent to the dismissal of this action for failure to prosecute." (ECF No. 61.) Plaintiff did not respond to this order.

prevent manifest injustice, and instead derogates from the principle of "strict adherence to the procedural requirements . . . [as] the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980). The court, therefore, concludes that plaintiff's assertion that the court should reinstate the complaint because plaintiff now has counsel does not rise to the level of preventing manifest injustice.

Plaintiff failed to meet the timing requirement for a Rule 59(e) motion, and, in any event, plaintiff's explanations for its inaction fail to satisfy any of the three grounds for granting a motion to reconsider. Accordingly, the court will deny plaintiff's motion for reinstatement of the complaint.

**C. District Court's Inherent Power and Federal Rule of Civil Procedure 54(b)**

The court recognizes that " '[s]o long as [[it] has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.' " In re Anthanassious, 418 F. App'x 91 (3d Cir.2011) (quoting United States v. Jerry, 487 F.2d 600, 605 (3d Cir.1973)). This power is comparable to the authority recognized in Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities." Fed.R.Civ.P. 54. A trial judge " 'should exercise that discretion whenever it appears that a previous ruling, even if ambiguous, might lead to an unjust result.' " In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432, 438–39 (3d Cir.2009) (quoting Swietlowich v. Bucks Cnty., 610 F.2d 1157, 1164 (3d Cir.1979)).

While "district courts have more discretion in reconsidering interlocutory orders than in revising final judgments," Foster v. Westchester Fire Ins. Co., Civ. Action No. 09-1459, 2012

WL 2402895, at *4 (W.D. Pa. June 26, 2012), the Third Circuit Court of Appeals has held that "[t]he trial court must, of course, exercise this authority in a responsible way, both procedurally and substantively," and that "[e]ffective trial court management requires a presumption against reconsideration of interlocutory decisions." In re Anthanassious, 418 F. App'x at 96. Thus, courts should exercise this inherent power with a "light hand." See Foster, 2012 WL 2402895, at *4. In discussing the scope of a district court's discretion to reconsider an interlocutory decision, the Third Circuit Court of Appeals has held that while " '[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.' " In re Pharmacy Benefit Managers, 582 F.3d at 439 (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988))

While the three-part test for motions to reconsider under Rule 59(e) is distinct from the court's power to modify an interlocutory appeal pursuant to its inherent power or to Rule 54(b), courts in this district have found that "[t]he 'extraordinary circumstances' enumerated by the Court of Appeals for the Third Circuit in Pharmacy Benefit Managers align neatly with the three categories . . . under which courts will grant motions for reconsideration under Federal Rule of Civil Procedure 59(e)." Foster, 2012 WL 2402895, at *4. As discussed above, plaintiff's request to reinstate the complaint in this matter does not meet any of the three circumstances under which a court may grant a motion for reconsideration. Furthermore, plaintiff's argument that the court should reinstate its complaint because its previous failure to respond to the court's order to obtain counsel was due to the fact that at that time plaintiff was unable to pay for legal representation, but that now plaintiff is able to afford counsel, (ECF No. 88 ¶ 2), does not satisfy "the high 'extraordinary circumstances' standard." Barkley v. Ortiz, Civ. Action No. 01-4530,

2016 WL 4705450, at *3 (D.N.J. Sept. 8, 2016); see <u>Dively</u>, 2012 WL 5818319, at *4 (quoting <u>Budget Blinds, Inc.</u>, 536 F.3d at 255) (noting in the Rule 60(b) context that " 'extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices.' ").

For these reasons, plaintiff's motion does not warrant this court departing from the "presumption against reconsideration of interlocutory decisions." <u>In re Anthanassious</u>, 418 F. App'x at 96. The court, therefore, will not exercise its discretion to grant plaintiff's motion under its inherent power or under Rule 54(b).

**III.  Conclusion**

Plaintiff cannot reinstate its complaint under Federal Rule of Civil Procedure 60(b), 59(e), or 54(b), or pursuant to the court's inherent power. Rule 60(b) is not applicable, because this court's November 28, 2016, order dismissing plaintiff's claims for lack of prosecution does not constitute a "final order" as required under Rule 60(b). Relief is similarly unavailable under Rule 59(e), because plaintiff failed to meet the timing requirement of that rule. Furthermore, even if relief were available under Rule 59(e), defendant's motion does not fit within any of the circumstances under which this court may grant such a motion. Finally, the court will not grant relief under its inherent power or Rule 54(b), because plaintiff did not present the sort of "extraordinary circumstances" that would justify this remedy.[11] Plaintiff's motion to reinstate the complaint will, therefore, be denied.

---

[11] Should plaintiff wish to pursue its claims, the appropriate recourse is to file another suit before the expiration of the statute of limitations period. See <u>Wrobleski v. Acs</u>, No. CV 2:14-0060, 2016 WL 397466, at *2 (W.D. Pa. Feb. 2, 2016) (denying plaintiff's motion to reopen her case pursuant to Rule 60(b), while stating that the proper recourse is to file another suit); <u>Knutson v. Jacquez</u>, No. C 09-05534 CW PR, 2011 WL 1196072, at *3 (N.D. Cal. Mar. 29, 2011) (explaining that "the dismissal of the amended complaint was without prejudice, which means the dismissal does not in itself bar [the] [p]laintiff's filing a new suit on the same claims"); <u>Aikens v. Ingram</u>, No. 5:06-CV-185-D, 2008 WL 4831420, at *6 (E.D.N.C. Nov. 5, 2008), <u>aff'd,</u> 612 F.3d 285 (4th Cir. 2010), <u>on reh'g en banc,</u> 652 F.3d

15

An appropriate order will be entered.

Dated: July 13, 2017 /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

---

496 (4th Cir. 2011), and aff'd, 652 F.3d 496 (4th Cir. 2011) (holding that although the plaintiff failed to meet the standard required for Rule 60(b), he "may file a new action against [defendants] if he so desires.").