IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACK BEAR ENERGY SERVICES, INC. | ) ) ) ) Civil Action No. 15-50 ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| YOUNGSTOWN PIPE & STEEL, LLC d/b/a DNV ENERGY, LLC | ) ) ) |
| Defendant and Counterclaimant. | ) |

**MEMORANDUM OPINION**

**CONTI, Chief District Judge.**

Pending before the court is a motion by defendant Youngstown Pipe and Steel, LLC ("defendant" or "YPS") for reconsideration of this court's November 28, 2016 order (the "order") dismissing the claims of plaintiff Black Bear Energy Services, Inc. ("plaintiff" or "Black Bear") *without prejudice*. YPS requests that the court reconsider this decision and dismiss Black Bear's complaint *with prejudice*. (ECF No. 102.) On June 13, 2017, Black Bear filed a brief in opposition to plaintiff's motion. (ECF No. 110) On July 31, 2017, YPS filed a reply. (ECF No, 128.) For the reasons stated below, the court will deny YPS's motion for reconsideration.

**I.  Background**

On January 13, 2015, Black Bear filed its complaint against YPS. (ECF No. 1.) Due to financial loss and an economic downturn in plaintiff's industry, Black Bear was unable to pay its

1

counsel to continue prosecuting its claims against YPS. (ECF No. 88 ¶ 2.) At a status conference on June 29, 2016, plaintiff's then-counsel represented to this court that plaintiff had ceased doing business, surrendered its assets to its lender, and hired counsel to discuss the possibility of filing for bankruptcy. (Minute Entry, 6/29/2016.) Plaintiff's then-counsel also stated that he would likely be filing a motion to withdraw shortly thereafter. Approximately three months later, on September 19, 2016, counsel submitted a motion to withdraw as attorney for Black Bear. (ECF No. 56.) On September 30, 2016, this court granted the motion to withdraw. (ECF No. 59.)

Following the withdrawal of its counsel, this court ordered plaintiff to have new counsel enter an appearance or show cause on or before November 2, 2016, as to why its claims should not be dismissed for failure to prosecute.[1] (ECF No. 61.) Plaintiff failed to respond to this order. On November 22, 2016, defendant filed a motion to dismiss for lack of prosecution. (ECF No. 68.) The court granted defendant's motion and dismissed plaintiff's claims without prejudice on November 28, 2016. (ECF No. 71.) The dismissal was not based on the merits of Black Bear's claims.

On May 23, 2017, nearly six months after this court dismissed Black Bear's claims without prejudice, plaintiff filed a motion for reconsideration requesting that this court dismiss Black Bear's complaint *with prejudice*. (ECF No. 102.) Plaintiff argues that reconsideration should be granted because new evidence is available and because the factors articulated by the Third Circuit Court of Appeals for determining when a dismissal with prejudice is appropriate weigh in favor of dismissing Black Bear's complaint with prejudice. (ECF No. 103.) Defendant argues that plaintiff does not meet the standard for granting a motion for reconsideration and that dismissal with prejudice was not warranted in this case. (ECF No. 110.)

---

[1] Plaintiff is a corporation, and, therefore, could not proceed in this matter without counsel. *See* Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966).

2

## II. Standard of Review

"Normally, motions for reconsideration are decided under Federal Rules of Civil Procedure 59(e) or 60(b)." In re Nat'l Forge Co., 326 B.R. 532, 541 (W.D. Pa. 2005). Those rules do not apply to plaintiff's motion for reconsideration, however, because plaintiff is seeking reconsideration of an interlocutory ruling, rather than a final judgment or order. Id. "It is well-established that the appropriate Rule under which to file motions for reconsideration of an interlocutory order is Rule 54(b)." Cezair v. JP Morgan Chase Bank N.A., Civ. Action No. 13-2928, 2014 WL 4955535, at *1 (D.Md. Sept. 30, 2014); see Qazizadeh v. Pinnacle Health Sys., 214 F.Supp.3d 292, 298 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).

A motion for reconsideration with respect to a *final* order or judgment must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The purpose of such a motion is "to correct manifest errors of law or fact or to present newly discovered evidence." Bootay v. KBR, Inc., 437 F.App'x 140, 146-47 (3d Cir. 2011) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A motion for reconsideration is not to be used to relitigate or "rehash"

3

issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991). In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003).

"'While the standards articulated in Rule[ ] ... 60(b) are not binding in an analysis of Rule 54(b) motions, courts frequently look to these standards for guidance in considering such motions.'" Ampro Computers, Inc. v. LXE, LLC, Civ. Action No. 2016 WL 3703129, at *2 (D.Del. July 8, 2016) (quoting Cezair, 2014 WL 4955535, at *1).[2] Reconsideration of interlocutory orders, however, "may be had even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or the 'need to correct a clear error of law or fact or to prevent manifest injustice.'" Qazizadeh, 214 F.Supp.3d at 298 (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "[T]he court may permit reconsideration whenever 'consonant with justice to do so.'" Qazizadeh, 214 F.Supp.3d at 298 (quoting St. Mary's Area Water Auth. v. St. Paul Fire and Marine Ins. Co., 472 F.Supp.2d 630, 632 (M.D. Pa. 2007)); United States v. Jerry, 487 F.2d 600, 604 (3d Cir. 1973) ("'[I]f an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be

---

[2] "An alleged clear error of fact, which meets the stringent requirements for reconsideration of final orders…logically meets the lesser threshold for reconsideration of interlocutory orders." Qazizadeh v. Pinnacle Health Sys., 214 F.Supp.3d 292, 298 (M.D. Pa. 2016).

employed and a revision be otherwise consonant with equity.'") (quoting John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 90-91 (1922)).

While "district courts have more discretion in reconsidering interlocutory orders than in revising final judgments," Foster v. Westchester Fire Ins. Co., Civ. Action No. 09-1459, 2012 WL 2402895, at *4 (W.D. Pa. June 26, 2012), the Third Circuit Court of Appeals has held that "[t]he trial court must, of course, exercise this authority in a responsible way, both procedurally and substantively," and that "[e]ffective trial court management requires a presumption against reconsideration of interlocutory decisions." In re Anthanassious, 418 F. App'x 91, 96 (3d Cir. 2011). Thus, courts should exercise this inherent power with a "light hand." Foster, 2012 WL 2402895, at *4 n.1. In discussing the scope of a district court's discretion to reconsider an interlocutory decision, the Third Circuit Court of Appeals has held that while " '[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.' " In re Pharmacy Benefit Managers, 582 F.3d 432, 439 (3d Cir. 2009) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)).

### III. Discussion

The court is not persuaded that in dismissing Black Bear's complaint without prejudice "a mistake [was] committed." Jasin, 292 F.Supp.2d at 676. "[D]ismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, and are to be reserved for comparable cases." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867–68 (3d Cir. 1984) (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976)). Here,

5

plaintiff's complaint was dismissed for failure to prosecute because plaintiff, a corporation, was not represented by counsel and a corporation may not appear *pro se* in federal litigation. (ECF No. 71.); *see* Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966). Plaintiff's case was not dismissed on the merits; rather, it was dismissed based on a procedural requirement. YPS argues that Black Bear engaged in willful misconduct by not obtaining new counsel. Under all the circumstances asserted, however, the court is not convinced that plaintiff's failure to obtain new counsel rises to the "extreme" level necessary for dismissing a case with prejudice, and courts have found that "dismissal *without* prejudice is a more easily justified sanction for failure to prosecute." Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir. 1984) (emphasis added); *compare* Joseph v. Pennsylvania Dep't of Pub. Welfare, 602 F. App'x 898, 901 (3d Cir. 2015) (upholding a district court's decision to dismiss a complaint for failure to prosecute, in part, because the court did not "tak[e] the drastic step of dismissing [the] complaint with prejudice.") *with* Barger v. Walton, 260 F. App'x 476, 478 (3d Cir. 2008) (reversing a district court's decision to dismiss a complaint with prejudice for failure to prosecute, in part, because "the District Court could have dismissed the complaint without prejudice, which would have communicated the importance of timely executing of service of process forms, while avoiding a complete dismissal on the merits with prejudice.").

The court finds that dismissal without prejudice was an appropriate response to Black Bear's failure to timely retain counsel, and that, consequently, the drastic sanction of dismissal with prejudice was not warranted in this case.

### IV. Conclusion

For the reasons set forth above, the court finds that defendant did not show that this matter presents an "extraordinary circumstance" worthy of reconsideration under Rule 54(b).

6

Furthermore, defendant did not show that dismissal with prejudice was warranted in this case. The court, therefore, will deny defendant's motion for reconsideration. An appropriate order will follow.

Dated: August 14, 2017 /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge