# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACK BEAR ENERGY SERVICES, INC., <br>     Plaintiff, <br>     v. <br> YOUNGSTOWN PIPE & STEEL, LLC d/b/a DNV ENERGY, LLC <br>     Defendant. | Civil Action No. 15-50 |
| YOUNGSTOWN PIPE & STEEL, LLC d/b/a DNV ENERGY, LLC, <br>     Counterclaimant, <br>     v. <br> MARKWEST ENERGY PARTNERS, L.P., OHIO GATHERING COMPANY, L.L.C., MARKWEST ENERGY OPERATING COMPANY, L.L.C., MARKWEST UTICA EMG CONDENSATE, L.L.C., MARKWEST UTICA EMG L.L.C., MARKWEST LIBERTY MIDSTREAM & RESOURCES, L.L.C. and JOSEPH E. KOVACIC, III, <br>     Counterclaim Defendants. | |

## MEMORANDUM OPINION

CONTI, Senior District Judge

**I. Introduction**

Pending before the court in this diversity case is a dispute about filing under seal an exhibit (the "ethics report") to the motion for summary judgment filed by Youngtown Pipe & Steel, LLC ("YPS"). The MarkWest counterclaim defendants[1] argue that this court previously

---

[1] The "MarkWest counterclaims defendants" are: MarkWest Energy Partners, L.P., Ohio Gathering Company, L.L.C., MarkWest Energy Operating Company, L.L.C., MarkWest Utica

ordered that the ethics report be marked "Attorneys' Eyes Only" and, therefore, the issue of whether the document should be filed under seal is moot. YPS contests that whether the ethics report shall be filed under seal is a matter to be decided by the court. As set forth in this opinion, the designation during discovery of a document as "Attorneys' Eyes Only" is not tantamount to a court ruling that the document should be shielded from public access. Thus, the court's ruling during discovery that the ethics report shall be marked as "Attorneys' Eyes Only" does not render moot whether that document may be filed on the public docket under seal.

The court concludes that the need to protect a third party from serious embarrassment caused by the public disclosure of the ethics report outweighs the presumptive public right of access to exhibits to summary judgment motions. The emergency motion will, therefore, be granted in part and denied in part. The original concise statement of material facts filed by YPS will be placed under seal.[2] On or before March 27, 2019, the MarkWest counterclaim defendants must provide to YPS a redacted version of the ethics report. YPS shall make the appropriate redactions to paragraph 6 of its concise statement of material facts. On or before March 29, 2019, YPS shall refile with the court ECF No. 187 and its attachments with the appropriate redactions to paragraph 6 of the concise statement of material facts and the ethics report.

## II. Factual Background and Procedural History Relevant to the Sealing Dispute

At a hearing held on May 2, 2016, the parties presented a discovery dispute to the court. Counsel for YPS argued that it was seeking from the MarkWest counterclaim defendants an "investigatory file" with respect to investigations they conducted of one of their employees, Dennis Loosli ("Loosli"). (H.T. 5/2/2016 (ECF No. 193) at 9-11.) Counsel for the MarkWest counterclaim defendants argued, among other things, that investigations of Loosli are not

---

EMG Condensate, L.L.C., MarkWest Utica EMG L.L.C., and MarkWest Liberty Midstream & Resources, L.L.C. (ECF No. 188 at 1.)

[2] The ethics report in issue was previously conditionally sealed by the court.

relevant to this case, and, in any event, the materials requested were "all very confidential." (Id. at 11-12.) Counsel for the MarkWest counterclaim defendants explained:

> The other thing is, MarkWest – the confidentiality runs to Mr. Loosli, and his interest needs to be protected, regardless of whether or not he was or was not a bad actor. For MarkWest to just hand these documents over, there's a very serious privacy concern for Mr. Loosli there as well that needs to be considered.

(Id. at 14.) The court after hearing from the parties ordered the MarkWest counterclaim defendants to provide to YPS "anything [not privileged] in the investigation file…that relates to the relationship between Black Bear and…Loosli" dated January 1, 2013, through March 2015. (Id. at 15.) The court ordered that the documents turned over should be marked "Attorneys' Eyes' Only." (Id. at 15, 17.)

On May 25, 2016, the MarkWest counterclaim defendants produced to YPS documents from a confidential investigation of Loosli. (ECF Nos. 192 ¶ 6, 189 at 2.) Included among the documents produced by the MarkWest counterclaim defendants was the ethics report dated December 18, 2014, which on each page was stamped: "CONFIDENTIAL—ATTORNEYS' EYES ONLY." (ECF No. 192 ¶ 7.)

On February 9, 2019, counsel for YPS emailed counsel for the MarkWest counterclaim defendants. (ECF No. 188-4.) Counsel for YPS, in pertinent part, wrote:

> [The Special Master] has addressed certain of the documents marked as "Attorneys Eyes Only" as subject to the attorney-client privilege.
>
> As to the others, there is no protective order. Is there an agreement in place between the parties related to these other documents?

(Id.) On February 11, 2019, counsel for the MarkWest counterclaim defendants responded to the email dated February 9, 2019, in pertinent part, as follows:

> Are you planning to attach to your MSJ filings, documents that have been designated as…[ATTORNEYS' EYES ONLY] or confidential? At a minimum, the…[ATTORNEYS' EYES ONLY] documents should be filed under seal. Please explain what you want to do so we can properly respond.

3

(ECF No. 188-4 at 2.) The court was not provided with any evidence that counsel for YPS responded to the email dated February 11, 2019. YPS and the MarkWest counterclaim defendants did not otherwise enter into a protective order in this case with respect to the filing of confidential documents exchanged during discovery.

On February 25, 2019, YPS filed its motion for partial summary judgment (ECF No. 185) and concise statement of material facts (ECF No. 187). YPS attached to its motion for partial summary judgment and concise statement of material facts the ethics report. (ECF Nos. 184-4 at 13-15, 187-2 at 13-15.) YPS in paragraph 6 of the concise statement of material facts referred to the contents of the ethics report. (ECF No. 187 at 2 ¶ 6.)

On February 26, 2019, the MarkWest counterclaim defendants filed an emergency motion in which they argue the ethics report should be filed under seal. (ECF No. 188.) The court removed from public view the ethics report pending the resolution of the emergency motion. On February 28, 2019, YPS filed a response to the emergency motion in which it stated that it was for the court, and not the parties, to decide whether the ethics report should be filed under seal. (ECF No. 189 at 2-3.) On March 20, 2019, YPS with leave of court filed an amended response to the emergency motion. (ECF No. 191.) YPS argues that the MarkWest counterclaim defendants did not satisfy their burden to show that sealing the ethics report is warranted in this case. (Id. at 191-1 ¶¶ 1-2.) On March 6, 2019, the MarkWest counterclaim defendants filed a response in opposition to YPS' motion for leave to file an amended response to the emergency motion. (ECF No. 192.)

**III. Applicable Law**

"There is a presumptive common law[3] right of public access to all material filed in connection with non-discovery pretrial motions, including summary judgment motions." In re

---

[3] There also exists a First Amendment public right of access. Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1067 (3d Cir. 1984). The court's sealing discussion is focused upon the common law

Gabapentin Patent Litig., 312 F. Supp. 2d 653, 663 (D.N.J. 2004) (citing Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 661 (3d Cir. 1991)). The public right of access "encompasses the right of the public to inspect and to copy judicial records[,]" Mine Safety Appliances Co. v. N. River Ins. Co., 73 F.Supp.3d 544, 559 (W.D. Pa. 2014) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)), and "applies to all aspects of the judicial process where substantive determinations are made[,]" Id. at 558. For example:

> The right of access applies to documents and evidentiary materials submitted in support of summary judgment….This is because the need for public scrutiny is at its zenith when the motion is dispositive and is of a comparable level when the motion is denied because the ruling tends to shape the scope and substance of the litigation as the parties proceed to trial.

Id. at 559.

The common law public right of access, however, is not absolute. In re Gabapentin, 312 F.Supp.2d at 663-64 n.5 (citing Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 165 (3d Cir. 1993)). The presumptive public right of access is subject to competing interests of secrecy. Id. (citing Leucadia, 998 F.2d at 167). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury….'" Miller v. Indiana Hospital, 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker, 773 F.2d at 1071). "Such an injury must be shown with specificity." Mine Safety, 73 F.Supp.3d at 560 (citing Publicker, 733 F.3d at 1071). "'Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient.'" Id. (quoting In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). "'The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption.'" In re Cendant Corp., 260 F.3d at 194 (quoting Leucadia, 998 F.2d at 165).

---

public right of access because no party or third party raised the issue whether its First Amendment public right of access has been violated in this case.

A district court prior to sealing judicial records "must satisfy certain procedural and substantive requirements." Publicker, 733 F.2d at 1071. The Third Circuit Court of Appeals has explained:

> Procedurally, a trial court in closing a proceeding must both articulate the countervailing interest it seeks to protect and make "findings specific enough that a reviewing court can determine whether the closure order was properly entered." See Press-Enterprise Co. v. Superior Court of California, Riverside County, ─── U.S. ───, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984); In re Iowa Freedom of Information Council, 724 F.2d at 662.
>
> Substantively, the record before the trial court must demonstrate "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise Co. v. Superior Court of California, Riverside County, 104 S.Ct. at 824.

Id. "In assessing whether material should be or remain sealed under the common law standard, the court should consider whether (1) the material is the 'kind of information that courts will protect' and (2) whether there is 'good cause' for the order to issue." W. Penn Allegheny Health Sys., Inc. v. UPMC, No. 2:12-CV-0692-JFC, 2013 WL 12141532, at *6 (W.D. Pa. Sept. 16, 2013) (quoting Publicker, 773 F.2d at 1071)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." Publicker, 773 F.2d at 1071. To determine whether "good cause" exists to seal the judicial filing, the court may consider the following factors:

1) whether disclosure will violate any privacy interests;

2) whether the information is being sought for a legitimate purpose or for an improper purpose;

3) whether disclosure of the information will cause a party embarrassment;

4) whether confidentiality is being sought over information important to public health and safety;

5) whether the sharing of information among litigants will promote fairness and efficiency;

6) whether a party benefitting from the order of confidentiality is a public entity or official; and

7) whether the case involves issues important to the public.

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995). Although the "good cause" factors refer to the interests of the *party* seeking the sealing of a document, courts have considered whether a *third party's* interests in sealing documents outweighs the public right of access to the documents. United States v. Smith, 776 F.2d 1104, 1105 (3d Cir. 1985) (affirming the district court's decision in a criminal case to deny the press access to a bill of particulars that implicated third parties who were not charged in the case); Onex Credit Partners, LLC v. Atrium 5 LTD., No. CV 13-5629 (JMV), 2017 WL 4284490, at *3 (D.N.J. Sept. 27, 2017) (holding documents would be sealed because they divulged personal and private information of the plaintiff-employer's employee who was not a party to the case).

The public right of access generally does not apply to the conduction of discovery amongst the parties. Mine Safety, 73 F.Supp.3d at 558. The court in Mine Safety explained:

> [C]onducting discovery is not undertaken as part of the public component of civil adjudication and the presumption does not attach to discovery motions merely seeking shelter from overly aggressive demands or to compel more adequate responses. Id. This historical understanding is buttressed by the mechanisms embodied in Federal Rules of Civil Procedure 5(d) and 26(c) which provide normative rules governing public access to discovery and a mechanism for a court to lift or modify a protective order that is precluding a party from making public unfiled discovery materials. Id. (citing Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789–90 (1st Cir.1988), cert. denied, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989)).

Id. A party seeking a protective order during discovery must also demonstrate that "good cause" exists for protection. Id. at 562-63 (citing FED. R. CIV. P. 26(c); Smith v. BIC Corp., 869 F.2d 194, 199 (3d Cir. 1989)). The Third Circuit Court of Appeals has commented: "Protective orders and orders of confidentiality are functionally similar, and require similar balancing between public and private concerns." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).

The court in Mine Safety recognized, however, that "[m]eeting the good cause standard of Rule 26(c) cannot in itself provide the showing needed to seal the submission of judicial

7

records to be utilized in a formal adjudication of central issues in a lawsuit." Mine Safety, 73 F.Supp.3d at 563 (citing Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd., No. CIV.A. 09-290, 2013 WL 1336204, at *4 (W.D. Pa. Mar. 29, 2013)). Even if the parties agree (pursuant to an "umbrella protective order")[4] that material exchanged during discovery is confidential, the court must closely scrutinize the materials filed in the case "to determine whether the public right of access has been overcome in order 'to protect the legitimate public interest in filed materials from overly broad and unjustifiable protective orders agreed to by the parties for their self-interests.'" Id. (quoting Leucadia, 998 F.2d at 166). Thus, the burden on the party seeking to file under seal a document in the course of adjudicatory proceedings (such as summary judgment proceedings) to which the presumption of public access is applied is heavier than the burden on a party seeking a protective order during discovery under Federal Rule of Civil Procedure 26(c). Mine Safety, 73 F.Supp.3d at 562 (citing Carnegie Mellon Univ., 2013 WL 1336204, at *4 ("A higher standard and a heavier burden comes into play once the materials are submitted for an adjudication on the merits.")). Indeed, "meeting the standard for sealing materials submitted as part of an adjudication on the merits is well-above the 'good cause' standard required for a confidentiality order and to seal non-dispositive motions that are only incidental or ancillary to the court's resolution of the parties' dispute." Id. at 564 n.4 (citing Carnegie Mellon Univ., 2013 WL 1336204, at *2 n.4).

## IV. Discussion

The MarkWest counterclaim defendants argue that because the court ordered the ethics report to be marked "Attorneys' Eyes Only," YPS was required to file under seal the ethics report as part of its summary judgment filings. The court's ruling that the ethics report must be turned over subject to a confidentiality designation, however, is not tantamount to a ruling that

---

[4] The parties' expectations that their submissions will be treated as confidential, however, may be considered by the court in determining whether the presumption of public access has been overcome. Mine Safety, 73 F.Supp.3d at 563.

8

the MarkWest counterclaim defendants satisfied their burden to overcome the presumption of the public right of access to exhibits to motions for summary judgment. As YPS argues, it is for the court to decide whether the MarkWest defendants satisfied their burden to show that the ethics report shall be filed under seal; indeed, the court must closely scrutinize[5] the ethics report "to determine whether the public right of access has been overcome." Mine Safety, 73 F.Supp.3d at 563.

The MarkWest counterclaim defendants, as the parties seeking to seal the ethics report, bear "the heavy burden of showing" that the ethics report contains the kind of information that is entitled to protection and that its public disclosure would cause a clearly defined and serious injury. Miller, 16 F.3d at 551; Onex, 2017 WL 4284490, at *4 (considering the interests of the plaintiff-employer's employee, who was not a party in the case, to decide the plaintiff-employer's motion to seal); Teledyne Instruments, Inc. v. Cairns, No. 6:12-CV-854-ORL-28TB, 2013 WL 5874584, at *2 (M.D. Fla. Oct. 31, 2013) (considering whether the public disclosure of documents would cause a clearly defined injury to third parties). A review of the ethics report shows that the MarkWest counterclaim defendants can satisfy their burden. First, the ethics report is the kind of information that courts will protect because its disclosure could subject Loosli, *a third party to this litigation*, to serious and particularized embarrassment and harm to his personal and business reputation because of the detailed allegations contained in the report about Loosli's character and business practices. Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) ("an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious"); United States v. Luchko, No. CRIM.A. 06-319, 2007 WL 1651139, at *8 (E.D. Pa. June 6, 2007) (finding the embarrassment-factor weighed "heavily in favor of a protective order" because "there is highly

---

5    On May 2, 2016, when court ordered the production of the Loosli investigatory file, the court had not read the ethics report or been advised of its contents.

embarrassing information that is irrelevant to the investigation and that relates to third parties"). The veracity of the allegations against Loosli, who is not a party to this case, is not at issue in summary judgment proceedings. The issue raised by YPS is that the MarkWest counterclaim defendants during their interactions with YPS were aware of the allegations against Loosli. Loosli on behalf of the MarkWest counterclaim defendants was personally involved with YPS, but YPS was not aware of those allegations. See Smith, 776 F.2d at 1105 (holding the privacy interests of co-conspirators outweighed the public right of access because the co-conspirators were not charged and, therefore, could not prove their innocence at a trial); Onex, 2017 WL 4284490, at *3 (sealing various exhibits to a motion for summary judgment because, among other reasons, the documents implicated the privacy rights of individuals who were not parties to the litigation); United States v. Smith, 985 F. Supp. 2d 506, 526 (S.D.N.Y. 2013) (recognizing in the criminal context that a third party may be unfairly impugned by the public disclosure of a document setting forth "potentially out-of-context insinuations of wrongdoing" on the part of the third party, which is particularly troublesome because the third party would not have the ability to clear his or her name at trial).

Second, with respect to whether there is "good cause" for sealing the ethics report, a review of the relevant factors set forth by the court of appeals confirms that—even under the *heavier* common law standard—good cause exists in this case to seal portions of the ethics report. The injury from the public disclosure of the ethics report suffered by Loosli may be serious and is clearly defined because the detailed allegations in the ethics report attack his ethics, character, and business tactics. The veracity of those statements is not *necessarily* at issue in this case; rather, as noted, the relevant issue is whether the MarkWest counterclaim defendants or YPS had notice of the allegations against Loosli. (ECF No. 187 ¶ 6.) According to the information provided by the parties, the ethics report is a document internal to the operations of the MarkWest counterclaim defendants, which was not intended for public disclosure. The issues

raised in the report do not implicate public health, safety, or any other issues important to the public. It also does not appear from the court's cursory review of the relevant documents that the ethics report is a document that is material to the resolution of the motions for summary judgment. Thus, sealing portions of the ethics report would not shield from the public the court's reasoning in adjudicating the motion for partial summary judgment. Smith, 776 F.2d at 1114 (explaining the relevant inquiry in the balance of interests is "whether there has historically been public access to this particular part of the judicial process and whether access to that portion of the process *will significantly enhance public understanding and appreciation of the judicial process or improve the process itself*") (emphasis added). The court, therefore, concludes that good cause exists to seal portions of the ethics report and concise statement of material facts.

The court, having determined that the interest in preventing serious embarrassment to a third party to the case, i.e., Loosli, outweighs the presumptive public right of access, must also determine whether sealing the ethics report is narrowly tailored to further that interest. The court concludes that the sealing the entirety of the ethics report is not required to protect Loosli from serious embarrassment. Thus, on or before March 27, 2019, the MarkWest counterclaim defendants must provide to YPS a line-by-line redacted copy the ethics report. Only the portions of the ethics report that are seriously embarrassing to Loosli shall be shielded from public view. YPS must redact paragraph 6 of the concise statement of material facts in accordance with the MarkWest counterclaim defendants' redaction of the ethics report.

The MarkWest counterclaim defendants are advised that if the information contained in the ethics report is required to be disclosed as part of the court's summary judgment opinion, the decision to seal portions of the ethics report and YPS' concise statement of material facts may be revisited and reversed. This opinion, however, is not dispositive of whether the ethics report is admissible at trial.

**V.    Conclusion**

Based upon the foregoing, the emergency motion (ECF No. 188) will be granted in part and denied in part. The original concise statement of material facts filed by YPS will be placed under seal. On or before March 29, 2019, YPS shall refile with the court ECF No. 187 and its attachments with the appropriate redactions to paragraph 6 of the concise statement of material facts and the ethics report.

BY THE COURT:

Dated: March 21, 2019

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge